### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICHARD LOUIS FUMI,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | |
| ) | **Case No.  10-CV-769-TCK-PJC** |
| **BOARD OF COUNTY COMMISSIONERS** ) | |
| **OF ROGERS COUNTY, a political** ) | |
| **subdivision and municipal corporation, and** ) | |
| **JOE HORNER, an individual and in his** ) | |
| **official capacity,** ) | |
| ) | |
| **Defendants.** ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion to Alter and/or Amend Judgment (Doc. 27) pursuant

to Federal Rule of Civil Procedure 59(e) ("Rule 59(e)").

### I.    Background[1]

On March 4, 2010,  Defendant Sergeant Joe Horner ("Sergeant Horner") was dispatched to

investigate a report of erratic driving by a motorist on State Highway 20.  Upon reaching the scene,

Sergeant Horner viewed the motorist, later identified to be Plaintiff, "driving erratically, crossing

the center dividing line and forcing oncoming drivers to the shoulder of the roadway."  (Horner

Incident Report, Ex. 3 to Defs.' Mot. for Summ. J., at D.11.)  Sergeant Horner followed the vehicle

from a distance of approximately sixty feet with his emergency lights and siren activated.  Plaintiff

did not pull over, and Sergeant Horner notified Rogers County dispatchers that he was in pursuit of

the vehicle.    Sergeant Horner was then joined in the pursuit by Lieutenant Robert Norman

---

[1] A more detailed recitation of the facts can be found in the Court's October 3, 2011
Opinion and Order.  (*See* Doc. 23 ("October 3, 2011 Order").)

("Lieutenant Norman") of the Rogers County Sheriff's Office.  During this pursuit, the officers placed their cars on either side of Plaintiff's vehicle and additionally shined spotlights into the back window and side mirror of Plaintiff's vehicle.  Sergeant Horner additionally observed Plaintiff make contact with the curb of the highway several times and cross over lanes of traffic and travel in the eastbound lane.

Plaintiff's vehicle eventually came to a stop, and, after Plaintiff failed to respond to the officers' commands to exit the vehicle, Sergeant Horner and Lieutenant Norman physically removed Plaintiff from his truck.  Plaintiff was placed prone on the ground, restrained in handcuffs, and was searched for weapons.  The officers soon determined that Plaintiff's behavior was possibly caused by a medical condition instead of intoxication.  Lieutenant Norman contacted dispatchers and requested Emergency Medical Services ("EMS") be sent to the location.  When EMS arrived, Plaintiff's blood levels were checked and his initial blood sugar reading was 35, which was abnormally low for Plaintiff.  Plaintiff was placed in an ambulance and transported to a hospital for treatment.  While at the hospital, Plaintiff was treated for his abnormal blood sugar level and for abrasions above each brow and on the bridge of his nose.  (*See* Emergency Documentation, Ex. 5 to Defs.' Mot. for Summ. J.)  It was also determined from an X-ray that Plaintiff's right elbow was broken.

During his deposition, Plaintiff, who suffers from Type 2 diabetes, testified that he had no memory of driving his truck, being pursued by Sergeant Horner and Lieutenant Norman, or being directed to get out of the truck.  Plaintiff stated that he recalled eating dinner, checking his insulin levels, talking to his daughter, watching television, and that the next thing he remembered was being face down on the pavement.  (*See* Pl.'s Depo., Ex. 4 to Defs.' Mot. for Summ. J., at 29:13-18; 32:5-

7.) Plaintiff testified that he remembered someone's foot or leg on his back, and that his head "was being pushed into the cement." (*Id.* at 32:24-25 - 33:1.) Plaintiff also testified that he said "I am a diabetic" and "I am not understanding you" when he was on the ground but that he did not recall anyone responding to his statements. (*Id.* at 33:1-4.) Plaintiff testified that his left arm was then put behind his back, he could feel something go over his wrist, and his "right arm was grabbed, twisted, and was continually being twisted and brought behind [his] back when [the officers] pulled it up in the middle of [his] shoulder blade." (*Id.* at 33:6-10.) According to Plaintiff, he then "heard a snap . . . and screamed 'Oh my God.'" (*Id.* at 33:11-12.) Plaintiff also testified that the officers "punched [him] on the side of his face." (*Id.* at 52:23-24.) When asked who punched him, however, Plaintiff stated that he didn't know and that the only reason he thought he was punched was because he had abrasions on his face. (*Id.* at 53:1-3.)

Plaintiff thereafter brought suit against Sergeant Horner and the Board of County Commissioners of Rogers County ("Board") (collectively "Defendants"), alleging the following claims: (1) excessive force pursuant to 42 U.S.C. § 1983 ("Section 1983") (against Sergeant Horner); (2) battery (against both Defendants); (3) negligence (against Board); (4) false/negligent arrest (against both Defendants); and (5) false imprisonment.[2]  On October 3, 2011, the Court granted summary judgment in favor of Defendants on all claims, denied Plaintiff's motion for partial summary judgment as to the excessive force claim, and entered Judgment in favor of Defendants. (*See* Docs. 23,24.) Plaintiff now seeks to amend such Judgment pursuant to Rule 59(e).

---

[2]  Plaintiff's Petition does not clearly indicate whether the false imprisonment claim is asserted against both Defendants or just one Defendant.

## II.      Discussion

A Rule 59(e) motion to alter or amend judgment is warranted where there is (1) an intervening change in the controlling law, (2) new evidence previously unavailable, or (3) the need to correct clear error or prevent manifest injustice.  *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (internal citations and quotations omitted).  A motion to alter or amend judgment is not appropriate, however, "to revisit issues already addressed or advance arguments that could have been raised in prior briefing."  *Id.*; *see June v. Union Carbide Corp.*, 577 F.3d 1234, 1247 (10th Cir. 2009); *Degraw v. Exide Tech.*, 744 F. Supp. 2d 1199, 1216 (D. Kan. 2010).

Plaintiff's Motion to Alter and/or Amend does not identify an intervening change in law or present new evidence previously unavailable.  Plaintiff instead seeks amendment of this Court's Judgment based on a "manifest error of law."  (Mot. to Alter and/or Am. 4.)  Specifically, Plaintiff contends the Court erred because it did not adequately consider Plaintiff's testimony that he was punched and additionally "engaged in speculation to justify the police officer's conduct."  (Mot. to Alter and/or Am. 3.)

The Court finds Plaintiff's arguments misplaced.  First, Plaintiff fails to demonstrate how his dispute with the Court's October 3, 2011 Order amounts to "clear error" or "manifest injustice," as required for relief under Rule 59(e).  *Servants of the Paraclete*, 204 F.3d at 1012.  Second, despite Plaintiff's contention otherwise, the Court did not ignore Plaintiff's testimony that he was punched.  The Court simply found that such testimony  – wherein Plaintiff stated "that he did not have a memory of being punched and could not identify who allegedly punched him" and " merely assumed that he had been punched because of the bruises on his face" –  did not create a genuine issue of material fact as to Plaintiff's excessive force claim.  (10/3/11 Order 8 (discussing Plaintiff's

4

testimony and citing supporting case law indicating that "conclusory statements and testimony based merely on conjecture or subjective belief are not competent summary judgment evidence").) Third, the Court did not "engag[e] in speculation to justify the police officer's conduct" in assessing the officers' conduct on the night in question. (Mot. to Alter and/or Am. 3.) The Court analyzed Plaintiff's excessive force claim "under the Fourth Amendment's 'objective reasonableness' standard," and in so doing, simply determined whether the officers' actions were "objectively reasonable in light of the facts and circumstances confronting them." (10/3/2011 Order 7-8 (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989).) Because reasonableness "must be judged from the perspective of a reasonable officer on the scene," (10/3/2011 Order 8 (citing *Graham*, 490 U.S. at 396)), the Court was not "justifying" the officers' actions, but was instead analyzing said actions in light of all information available to the officers at the scene. For these reasons, the Court declines to amend or alter the Judgment entered in favor of Defendants and therefore denies Plaintiff's motion.

## III.     Conclusion

For the reasons discussed herein, Plaintiff's Motion to Alter and/or Amend Judgment (Doc. 27) is DENIED.

**IT IS SO ORDERED this 24th day of January, 2012.**

*Terence C Kern*

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**